http://www.va.gov/vetapp16/Files4/1630469.txt

Citation Nr: 1630469 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 10-08 184 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona

THE ISSUE

Entitlement to service connection for vertigo.

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

L. Jeng, Counsel

INTRODUCTION

The Veteran had active service from June 1966 to September 1969. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a November 2007 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona. 

In May 2012, the Veteran presented testimony at a hearing before the undersigned Veterans Law Judge. A copy of the transcript has been associated with the claims folder. 

In February 2013 and May 2015, the Board remanded the claim for further development, and the case has since returned for appellate consideration. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Veteran was afforded a VA examination in August 2015 at which time the diagnosis was listed as Meniere's syndrome or endolymphatic hydrops. It was noted that the date of onset was in 2006. However, the examiner later stated that there is no direct evidence to support a vestibular abnormality on the current examination or in the service treatment records. Rather, he noted that there are only anecdotal accounts that the Veteran was evaluated for vertigo (Meniere's syndrome) approximately 10 years earlier and cited to a private medical record. As such, the examiner concluded that there were no direct medical records available to corroborate the diagnosis. Moreover, he stated that hearing loss and tinnitus are not pathologic etiologies that cause vertigo. He explained that, if a vestibular abnormality does exist, it manifested many years after the Veteran's active service and is not condition that is secondary to his service-connected hearing loss and tinnitus.

Nevertheless, the Board notes that the August 2015 VA examiner did not address the fact that the February 2013 VA examiner had noted a diagnosis of benign paroxysmal positional vertigo (BPPV) with an initial diagnosis in 1992. In a February 2013 addendum report, the February 2013 examiner also noted an onset of dizziness before 1992 when an evaluation of vertigo was performed, and audiological notes in 2013 demonstrate vertigo diagnosis was made seven to eight years earlier. That examiner also specifically excluded a diagnosis of Meniere's disease. Thus, the August 2015 VA examiner does not appear to have considered the February 2013 VA examiner's diagnosis or indication that the symptoms had an earlier onset than 2006. 

In addition, the August 2015 VA examiner did not address the aggravation prong of secondary service connection.

For these reasons, the Board finds that an additional VA examination and medical opinion are needed.

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for vertigo. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file. 

The AOJ should also obtain any outstanding, relevant VA medical records.

2. The Veteran should be afforded a VA examination to determine the nature and etiology of any vertigo that may be present. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed.

The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, service personnel records, post-service medical records, and statements. 

It should be noted that the Veteran is competent to attest to observable symptomatology. If there is a medical basis to support of doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should identify all diagnoses associated with the Veteran's vertigo that have been present at any point during the pendency of the appeal (even if the disorder has since resolved). In particular, he or she should determine whether the Veteran has Meniere's disease and/or benign paroxysmal positional vertigo. In so doing, the examiner should consider the private medical records from Dr. W. and the February 2013 and August 2015 VA examination reports. If the examiner finds that the Veteran does not have Meniere's disease or benign paroxysmal positional vertigo, he or she should so state in the report and provide an explanation for that conclusion.

For each diagnosis identified, the examiner should state whether it is at least as likely as not (50 percent probability or greater) that the disorder is related to the Veteran's military service, to include noise exposure and being rendered unconscious therein.

He or she should also opine as to whether it is at least as likely as not (50 percent probability or greater) that the current disorder is either caused by or permanently aggravated by the Veteran's service-connected hearing loss and/or tinnitus. 

In rendering the opinion, the examiner should not resort to mere speculation. He or she should consider that the phrase "at least as likely as not" does not mean within the realm of medical possibility, but rather that the evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against it. Thus, unless the examiner concludes that the current disability is either likely or unlikely the result of an event, injury, or disease incurred in service, the examiner should state whether it is at least as likely that the current disability is the result of an event, injury, or disease incurred in service as opposed to its being the result of some other factor or factors.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

3. After completing the above actions, the AOJ should conduct any other development as may be indicated by a response received as a consequence of the actions taken in the preceding paragraphs.

4. When the development requested has been completed, the AOJ should review the case on the basis of additional evidence. If the benefit sought is not granted, the AOJ should furnish the Veteran and his representative a Supplemental Statement of the Case and a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).